UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>                    Plaintiff,<br><br>        v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORP., et al.,<br><br>                    Defendants. | CASE NO. 2:25-cv-01346-TL<br><br>ORDER OF DISMISSAL |

This case arises from Plaintiff Olivia Mora's claims regarding a dispute with several other passengers while on an Amtrak train in August 2024. Dkt. No. 5. This matter is before the Court on its own motion. Having reviewed Plaintiff's amended complaint (Dkt. No. 8) and the relevant record, the Court DISMISSES WITHOUT PREJUDICE.

## I.    BACKGROUND

On July 17, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge Brian A. Tsuchida recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4.

1    Plaintiff's complaint was subsequently filed on the docket. Dkt. No. 5. On August 21, 2025, the

2    Court found that Plaintiff had failed to state a claim upon which relief could be granted and

3    dismissed the matter with leave to file an amended complaint by September 20, 2025. Dkt.

4    No. 7. On September 16, 2025, Plaintiff filed an amended complaint. Dkt. No. 8.

5                                    II.    LEGAL STANDARD

6            The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,

7    the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be

8    granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th

9    Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by

10   prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under

11   28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of

12   Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014)

13   (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual

14   allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*,

15   504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the

16   complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

17   U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without an attorney), courts must

18   construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir.

19   2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not

20   supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v.*

21   *Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation

22   and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D.

23   Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll*

24   *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.    DISCUSSION

Plaintiff's amended complaint fails to plausibly state a claim for relief. The instant claim arises from an altercation with two other passengers on a train operated by Defendant National Railroad Passenger Corporation ("Amtrak"), during which those passengers told Plaintiff that she could not sit in an apparently unoccupied seat between them. *See* Dkt. No. 8 at 4 ¶ 10–11.

### A.    Equal Rights Under the Law—42 U.S.C. § 1981

Plaintiff's first cause of action is for violation of 42 U.S.C. § 1981. *Id*. at 6. To make a prima facie showing under Section 1981, a plaintiff must show that: (1) the plaintiff is a member of a racial minority and (2) the plaintiff was discriminated against in making and enforcing contracts, suing, being parties, giving evidence, to the full and equal benefit of all laws and proceedings for the security of persons and property. *See* 42 U.S.C. § 1981. Plaintiff has not asserted any new information in the amended complaint to the Court that changes the Court's prior finding. In the amended complaint, Plaintiff provides the exact same statement of facts section as the original complaint. Dkt. No. 8 at 4–6; Dkt. No. 5 at 3–6. As such, Plaintiff's amended complaint still lacks any factual basis that she was deprived equal benefit of her contract for transportation with Defendant Amtrak. The amended complaint continues to provide alleged facts that state the opposite—that Plaintiff *did* receive the benefit of her contract with Amtrak for transportation because she "went to [her] seat" in another section of the train. Dkt. No. 8 at 5 ¶ 18; Dkt. No. 5 at 4 ¶ 18. Therefore, Plaintiff fails to state a claim for relief under Section 1981.

### B.    Title VI of the Civil Rights Act of 1964

Plaintiff's second cause of action is for violation of Title VI of the Civil Rights Act of 1964. Dkt. No. 8 at 8. In order to state a claim for intentional discrimination under Title VI, a plaintiff must show that (1) there is a hostile environment based on race, color or national origin;

(2) the defendant had notice of the problem; and (3) the defendant failed to respond adequately to redress the hostile environment. *See Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998). A hostile environment is one where harassment is "severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities, or privileges provided by the recipient." *Id.*

Again, Plaintiff does not assert any new allegations in her amended complaint as it relates to this cause of action. Dkt. No. 8 at 4–6; Dkt. No. 5 at 3–6. The Court still finds that Plaintiff offers no factual allegations which allow the Court to draw a reasonable inference that racial animosity was behind the statements of the passengers, nor has Plaintiff alleged that any hostility was so "severe, pervasive or persistent" that it limited her ability to benefit from Defendant Amtrak's services. Therefore, Plaintiff again fails to state a claim for relief under Title VI of the Civil Rights Act of 1964.

## C.    Equal Protection Claim and Negligent Supervision and Training Claim

Plaintiff again argues that Defendant Amtrak violated her rights under equal protection grounds, as well a claim that Defendant Amtrak is at fault for negligent supervision and training. Dkt. No. 8 at 8. Plaintiff provided no statements made by passengers to the conductor that could reasonably lead to him to believe the women did not want Plaintiff to sit with them because of Plaintiff's race. Thus, there was nothing for the conductor to intervene or report. Notably, the conductor allegedly went up to the passengers with Plaintiff to give Plaintiff an opportunity to discuss any issues, but Plaintiff was still unsatisfied. *Id*. at 5 ¶ 18. Because Plaintiff does not offer any new support for her claims, the Court maintains its order of dismissal and again finds that: Plaintiff fails to present factual allegations supporting that the two passengers discriminated against her; Plaintiff fails to establish that corrective action or intervention was necessary; and Plaintiff fails to provide support to show that Defendants violated her rights by failing to perform

1  the requested action. Therefore, Plaintiff again fails to state a claim for relief under her claims of

2  violation of equal protection and negligent supervision and training.

3  **D.      Outrage—Intentional Infliction of Emotional Distress**

4          Lastly, Plaintiff brings a new claim of "outrage," or otherwise known as intentional

5  infliction of emotional distress, in her amended complaint. *Id.* at 9. In this claim, Plaintiff lays

6  out the elements for her intentional infliction of emotional distress claim, which include:

7  (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress;

8  and (3) actual result to the plaintiff of severe emotional distress. *Id.* ¶ 52 (citing *Orin v. Barclay*,

9  272 F.3d 1207, 1218 (9th Cir. 2001)). Plaintiff then goes on to state that "[t]he conduct of the

10  Defendants as set forth in the Complaint was extreme and outrageous conduct and the

11  Defendants intentionally or recklessly inflicted emotional distress on the Plaintiff, which resulted

12  in 'severe emotional distress' to the Plaintiff." *Id.* at 10 ¶ 54. However, Plaintiff's conclusory

13  statement is not supported by her own factual allegations. Plaintiff provides no statements from

14  the passengers that indicate racial animus, nor any factual allegations that could have reasonably

15  led the conductor to believe Plaintiff was discriminated against because of her race. The only

16  factual allegation against the passengers is that they did not want Plaintiff to sit in between them

17  and told Plaintiff to sit in another section. *Id.* at ¶ 10–11. Moreover, under Washington law, the

18  tort of outrage has been reserved for conduct that is "extreme," "atrocious," "beyond all possible

19  bounds of decency," and "utterly intolerable in a civilized community." *Grimsby v. Samson*, 85

20  Wn.2d 52, 59, 530 P.2d 291 (1975); *see id.* at 61 (Wright, J., dissenting). "This is a high bar, and

21  the Washington courts are not easily outraged." *Jermy v. Jones*, No. 99-35044, 2000 WL 35044,

22  at *2 (9th Cir. Nov. 9, 2000). Therefore, Plaintiff fails to state a claim for her allegation of

23  outrage—intentional infliction of emotional distress.

24

***

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* The Court, therefore, FINDS that Plaintiff fails to state plausible claims for relief. For this reason, the Court must dismiss Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although pro se litigants generally should be liberally granted the opportunity to amend pleadings, they are not entitled to multiple opportunities. *Stamos v. Citrus Heights Police Dep't*, 156 F. App'x 995 (9th Cir. 2005); *see also Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995) (per curiam) (noting that "a pro se litigant is entitled to notice of the complaint's deficiencies and *an* opportunity to amend prior to dismissal") (emphasis added). Here, the Court explained the deficiencies in Plaintiff's original complaint (Dkt. No. 7); yet, Plaintiff's amended complaint continues to only make conclusory allegations of racial discrimination without offering any factual allegations to support those conclusions or otherwise support her claims for relief. Therefore, the Court will dismiss Plaintiff's Amended Complaint but without prejudice.

## IV.    CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)    Plaintiff's Amended Complaint (Dkt. No. 8) is DISMISSED WITHOUT PREJUDICE.

Dated this 17th day of December, 2025.

Tana Lin
United States District Judge